Dear Senator McPherson:
This office is in receipt of your letter dated May 20, 1994, requesting an opinion on the following question:
 1) Does a municipality, operating under a home rule charter, have the authority to regulate placement of a gambling operation within its jurisdiction through its zoning and rezoning powers?
This office has previously rendered Opinion Numbers 93-659 and 94-182, which conclude that a local government may not regulate gaming pursuant to its zoning powers. These opinions are attached hereto.
Additionally, you raised the question of the applicability of Article 6, § 6 of the Louisiana Constitution to this issue. Article 6 § 6 provides that:
 "The legislature shall enact no law the effect of which changes or affects the structure and organization or the particular distribution and redistribution of the powers and functions of any local governmental subdivision which operates under a home rule charter".
In Francis v. Morial 455 So.2d 1168 (La. 1984), the Louisiana Supreme Court observed:
 "It is clear from the convention proceedings and the words of Section 6 that it was intended to prevent the legislature from substituting its judgment for that of the home rule government with respect to the arrangement of the various offices, departments, agencies and elements of the local government, and as to the assignment, allocation or distribution among them." 455 So.2d 1168
at 1171
The Court went on to say,
 "As a counterbalance, to preclude the danger that the powers and defenses afforded local government would be used to deprive the state government of its necessary inherent powers, Article VI, Section 9(B) provides that `[n]otwithstanding any provision of this Article, the police power of the state shall never be abridged.'" 455 So.2d 1168 at 1172
It is clear that the provisions of Article 6, § 6 must be read in conjunction with Article 6, § 9(B). A discussion of the state's police power as embodied by the Riverboat Economic Development and Gaming Control Act is discussed in detail in the two opinions attached hereto.
The Riverboat Gaming Act is an exercise of the state's police power. The legislature in exercising the police power has expressly forbidden local governing authorities from regulating the operation of riverboats and gaming operations thereon.
Accordingly, for the reasons stated above and those found in Opinion Numbers 93-659 and 94-182, it is the opinion of this office that the Riverboat Economic Development and Gaming Control Act, specifically La. R.S. 4:552, prohibits local regulation, by zoning or otherwise, of riverboat gaming.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
BY: STEPHEN J. LEDET Assistant Attorney General SJL:lmb